IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CITY OF SPOKANE VALLEY, a municipal corporation, | ) ) ) | No. 39178-7-III |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| BLAYNE DUTTON, J. DOE DUTTON, and any marital community comprised thereof, | ) ) ) ) | UNPUBLISHED OPINION |
| Appellants, | ) ) ) | |
| J. DOE I-IV, and any marital community comprised thereof, | ) ) ) ) | |
| Defendants. | ) | |

PENNELL, J. — Blayne Dutton appeals from a summary judgment order granting the City of Spokane Valley a warrant to abate a nuisance on his property. We affirm.

FACTS

Mr. Dutton owns a home in the City of Spokane Valley. On July 22, 2019, the City received a complaint about conditions at Mr. Dutton's property. Nicole Montano, a code enforcement officer for the City, went to the property to investigate.

Ms. Montano determined the condition of Mr. Dutton's property constituted a "nuisance" under two provisions of Spokane Valley Municipal Code (SVMC). Ms. Montano observed an "accumulation of materials, recyclables, appliances, furniture,

and machinery not properly stored in an approved enclosed structure," which is proscribed by SVMC 7.05.040(D). Clerk's Papers at 61. She also noticed three vehicles visible on the property that appeared to meet the City's definition of a "junk vehicle," a proscribed nuisance under SVMC 7.05.040(N). *Id*. Ms. Montano photographed the property to document her observations and issued a warning notice. The warning notice identified the relevant provisions of municipal code and gave Mr. Dutton one month— until August 22, 2019—to remedy the purported nuisance. The warning notice explained that a $500 penalty and a notice and order would issue if Mr. Dutton failed to comply.

On August 23, 2019, Ms. Montano returned to the property and observed "[t]he junk vehicles were still present, and the accumulation of materials remained." *Id.* at 62. She took additional photographs. The same day, Ms. Montano issued a notice and order to Mr. Dutton. The notice and order listed the continuing violations of the municipal code and provided supporting citations to the code. The notice and order assessed a civil monetary penalty of $500 and ordered Mr. Dutton to remove or properly store all accumulated items on the property. As to the vehicles, the notice and order advised Mr. Dutton to either prove they did not meet the City's definition of "junk vehicle," remove them, or properly store them. The notice and order gave Mr. Dutton 20 days

to pay the civil penalty and warned that the City may seek an abatement order from the superior court.

The notice and order also advised Mr. Dutton that he had a right to appeal within 14 days to the City's hearing examiner. Mr. Dutton timely appealed and a hearing was held before the City's hearing examiner in October 2020. Ms. Montano visited the property one week before the hearing date and determined the nuisance conditions had not been abated. She took photographs to document her observations.

The City's hearing examiner denied Mr. Dutton's appeal on November 2, 2020. The hearing examiner concluded that the City had "clearly established" Mr. Dutton had "allowed nuisance conditions to persist" on the property. *Id.* at 45. As to the ongoing violation of SVMC 7.05.040(D), the City had proffered evidence that

> there was a large and exposed collection of construction materials, vehicle parts, appliances, equipment, and other things accumulated on the Property. . . . The photographs . . . show construction waste (wood, metal, wire, etc.), rusted or old appliances, vehicle tires and hubs, fencing materials, and other things piled up in the yard.

*Id*. at 46. The hearing examiner noted that Mr. Dutton had "not contest[ed] the foregoing facts," but Mr. Dutton urged the hearing examiner to conclude there was no nuisance because the condition of the property had remained the same for many years. *Id*. But the hearing examiner reasoned that "[t]he fact that these conditions have existed for many

years does not mean there is no public harm from the activity. . . . [T]he City's authority to regulate ongoing nuisances is not truncated by the mere lapse of time." *Id.*

As to the ongoing violation of SVMC 7.05.040(N), the hearing examiner noted that Mr. Dutton had "not present[ed] any evidence that the subject vehicles" did not meet the City's definition of "'junk vehicles.'" *Id.* at 47. "The only evidence in the record supports the opposite conclusion." *Id*. Further, the hearing examiner rejected Mr. Dutton's arguments that (1) the examiner lacked subject-matter jurisdiction and (2) the City's enforcement of its code was arbitrary and capricious. The hearing examiner declined to opine on constitutional claims brought by Mr. Dutton.

Mr. Dutton petitioned in Spokane County Superior Court for review of the hearing examiner's decision under the Land Use Petition Act (LUPA), chapter 36.70C RCW. The superior court granted the City's motion to dismiss, reasoning that the hearing examiner's decision was not timely appealed because Mr. Dutton failed to perfect personal service of the petition on the City as required by LUPA. RCW 36.70C.040(2)-(3), (5); RCW 4.28.080. Mr. Dutton appealed, but a commissioner of this court dismissed his appeal as untimely.

In July 2021, the City initiated an action in superior court for a warrant of abatement of the nuisance and injunctive relief. The complaint alleged that the conditions

on Mr. Dutton's property violated SVMC 7.05.040(D) and SVMC 7.05.040(N), and that the "violations . . . have not been abated." *Id*. at 7. The City averred that, given the dismissal of Mr. Dutton's LUPA appeal, the hearing examiner's conclusion that the conditions on the property constituted a "nuisance" was a final determination of that issue. It requested Mr. Dutton be enjoined from maintaining the nuisance conditions and that he be ordered to abate the nuisance. The City further requested that, if Mr. Dutton failed to abate the nuisance within a time limit prescribed by the court, the superior court authorize representatives of the City to enter the property to abate the nuisance, and Mr. Dutton be responsible for all expenses incurred by the City in abating the nuisance.

Mr. Dutton retained counsel, answered the City's complaint and asserted that the City's enforcement of its code against him violated his right to due process and constituted an unlawful taking.

Ms. Montano visited Mr. Dutton's property once more on March 30, 2022, and "determined that the conditions . . . continue[d] to constitute a nuisance." *Id.* at 63. Days later, the City moved for summary judgment and for a warrant of abatement. In addition to its motion and a supporting memorandum of authorities, the City submitted a declaration from Ms. Montano, who described her observations of the property and authenticated the photographs she had taken, which were attached.

5

In his response to the City's motion, Mr. Dutton pointed to the City's most recent photographs as evidence that he had "undertaken significant measures" to improve the condition of his property, including erecting "a six-foot-tall wooden fence" and cleaning up some of the accumulated items. *Id.* at 103. Mr. Dutton explained that, in the most recent set of photographs, "[t]he only visible accumulation of materials . . . are a fridge, grill, and other items near the house." *Id.* at 105. Mr. Dutton conceded the junk vehicles remained on the property but argued summary judgment was improper because the property nevertheless "looks significantly different." *Id.* at 106. Mr. Dutton also argued his indigence made cleaning up the property financially burdensome.

The superior court held a hearing on the City's summary judgment motion in May 2022. At the hearing, the City's counsel asked the court to issue a warrant of abatement giving Mr. Dutton 20 days to bring his property into compliance before the City would be authorized to enter the property to abate the nuisance itself. The City explained that "throughout time," conditions on the property "have not changed much." Rep. of Proc. (May 17, 2022) at 7. The City's counsel argued Mr. Dutton's "[m]ere disagreement with the City's determination" was "not sufficient to overcome summary judgment." *Id.* at 11. In response, Mr. Dutton's counsel pointed to the City's own argument and exhibits, claiming a genuine issue of material fact remained because Mr. Dutton had improved

6

the condition of the property and erected a fence. The City's attorney retorted by pointing

out that, the new fence notwithstanding, accumulated material remained "visible from the

right-of-way." *Id.* at 13.

In its oral ruling, the superior court concluded that, "despite some efforts by

Mr. Dutton," a nuisance remained on his property and had not been abated. *Id.* at 19.

Accordingly, the court granted the City's motion for summary judgment and a warrant

of abatement. The superior court explained its reasoning by referencing the most recent

photographs taken by Ms. Montano:

> [T]he most recent photographs from March of this year . . . indicate that the
> vehicles still remain on the property and there are still materials seen on the
> property . . . .
>      Now, Mr. Dutton indicates that he's remedied the situation, and it
> does appear to some extent he has, by erecting the 6-foot fence so that you
> can no longer see what's behind the fence. . . . However, there is a specific
> exception that a fence, 6 feet or less in height, is not a structure, and that
> does not serve to abate a nuisance based upon the code provision.[1]
>      And junk vehicles could be kept in a lawful structure, but in this case
> they're still observable, and there's just simply no genuine issue of material
> fact as to those junk vehicles based upon the code enforcement officer's
> declaration and [the most recent photographs], which indicate these vehicles
> are still there and they meet the definition of junk vehicle. There's been no
> dispute in that regard. . . .

---

[1] The court was referencing the municipal code's definition of "structure," which
specifically excludes a "fence of six feet or less in height." SVMC App. A(B). This was
relevant because the code provides that a landowner can avoid a finding of nuisance by
storing offending items within an appropriate "structure." *See* SVMC 7.05.040(D)(1),
(2)(b), (3)(a), (4); SVMC 7.05.040(N)(1).

Regarding the other materials[,] . . . . again, in [the most recent photographs] we do see items remaining in visible sight.

*Id*. at 17-18. Further, the court rejected Mr. Dutton's constitutional claims. The court ordered Mr. Dutton to abate the nuisance and provided that if the nuisance had not been completely abated within 20 days, the City was authorized to enter and abate the nuisance at Mr. Dutton's expense.

The superior court adopted the City's proposed order memorializing this ruling. Mr. Dutton timely appealed.

## ANALYSIS

Mr. Dutton contends the superior court erred in granting the City's motion for summary judgment because genuine issues of material fact remain as to the condition of his property. The City responds by noting that the dismissal of Mr. Dutton's LUPA appeal made the hearing examiner's conclusion, that the conditions on Mr. Dutton's property constituted a nuisance, a final determination. The City points to evidence it furnished showing that the junk vehicles and materials constituting that nuisance had not been removed. Because Mr. Dutton has not pointed to any specific facts that need to be resolved by a fact finder, the City argues, the superior court properly granted summary judgment.

This court reviews summary judgment orders de novo, and applies the same inquiry as the trial court, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party. *Ramey v. Knorr*, 130 Wn. App. 672, 685, 124 P.3d 314 (2005). Summary judgment is appropriate where there is "'no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting CR 56(c)).

The City has constitutional and statutory authority "[t]o declare what shall be a nuisance, and to abate the same." RCW 35.22.280(30); *see* RCW 35A.21.160; *see also* WASH. CONST. art. XI, § 11. The City's power to regulate land through its police powers is "nearly plenary." *King County Dep't of Dev. & Env't Servs. v. King County*, 177 Wn.2d 636, 646, 305 P.3d 240 (2013); *see also Kittitas County v. Dep't of Transp.*, 13 Wn. App. 2d 79, 88-89, 461 P.3d 1218 (2020).

Pursuant to this authority, the City has defined an unlawful "nuisance" broadly to include "[a]ny accumulation . . . of building or construction materials"; "[a]ny accumulation of broken or neglected items"; "[a]ny broken or discarded" household furnishings or appliances; and "[a]ny broken or inoperable accumulation of . . . machinery or equipment." SVMC 7.05.040(D)(1), (2)(b), (3)(a), (4). A landowner can avoid having such an accumulation designated as a nuisance by enclosing it within an approved

9

"structure." *Id*. The City has also designated "junk vehicles"[2] as an unlawful nuisance if they are "visible from" the street and not "enclosed within a lawful structure." SVMC 7.05.040(N)(1).

Mr. Dutton has failed to demonstrate a material issue of fact that would preclude the City's entitlement to summary judgment and a warrant of abatement. *See* RCW 7.48.260 (authorizing actions for a warrant of abatement); SVMC 17.100.320(B) (same). The 2020 hearing examiner decision established that there was a visible accumulation of items on Mr. Dutton's property that met the criteria for a nuisance. Although Mr. Dutton engaged in some remedial efforts, the undisputed facts before the superior court at the time of the summary judgment hearing showed that the nuisance had not been completely abated. Under the City's municipal code, "any" accumulation of prohibited materials outside of an enclosed "structure" is considered a nuisance. SVMC 7.05.040(D)(1), (2)(b), (3)(a), (4). Furthermore, even though Mr. Dutton built a fence that obscured some of the offending items, the fence was not high enough to constitute a "structure" under the City's code. *See* SVMC App. A(B) (providing that

---

[2] A "junk vehicle" is a vehicle meeting at least three of the following four criteria: (1) three years or older, (2) "extensively damaged", (3) "apparently inoperable", and (4) the vehicle's "approximate fair market value" is "equal only to the approximate value of the scrap in it." SVMC 7.05.020.

a "structure" does not include "fence[s] of six feet or less in height"). Additionally, Mr. Dutton has never contended that the vehicles parked on his property do not constitute "junk vehicles" as defined by the City. SVMC 7.05.040(N); SVMC 7.05.020. The undisputed evidence before the superior court was that the offending vehicles remained visible.

At the time of the summary judgment hearing, it was undisputed Mr. Dutton had failed to fully remediate the nuisance conditions on his property. Accordingly, the City was entitled to summary judgment and a warrant of abatement.

CONCLUSION

The order granting summary judgment and a warrant of abatement is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Staab, J.

_____
Cooney, J.

11